

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-6646
Re: Applicability of Senate Bill
No. 123, to the Treasurer of
Galveston County.

Your letter of June 8, 1945, requesting an opinion from this department is, in part, as follows:

"Senate Bill No. 123, enacted during the 49th Session of the Texas Legislature and which was approved on May 9th by the Governor, provides for increased compensation of District, County, and Precinct Officials, and Deputies, Assistants, and Clerks.

"The Act referred to amends Articles 3891, 3902, and Sections 13 and 15 of Article 3912e, Revised Civil Statutes of Texas, 1925. Section 13 of Article 3912e names the officers whose salaries shall be fixed by the Commissioners' Court and includes the Treasurer.

"The Treasurer in Galveston County has up to this time been compensated as provided for in Article 3943 wherein his compensation is limited and not to exceed $2,000.00 annually. The County Treasurer has made application to the Commissioners' Court for an increase of $500.00 above the amount authorized in the Article last mentioned.

"Your opinion is respectfully requested as to the authority of the Commissioners' Court to allow the increase of 25% above the amount mentioned in Article 3943.

". . . ."

Senate Bill 123, Acts of the 49th Legislature, Regular Session, 1945, is, in part, as follows:

"...

"Sec. 3. That Section 13 of Article 3912e, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(e) The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'

"...."

The compensation of the county treasurer of Galveston County is controlled by Section 13 of Article 3912e. Under Section 13 of Article 3912e the county treasurer is allowed a compensation of "not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935". As Galveston County had a population of 64,401 inhabitants according to the 1930 census the maximum compensation the county treasurer could have retained was the sum of Two Thousand Dollars ($2,000.00) per annum (Article 3943).

In view of the foregoing it is the opinion of this department that the Commissioners' Court of Galveston County has the authority to allow the twenty-five per cent (25%) increase as provided in Section 3 of Senate Bill 123, Acts of the 49th Legislature, Regular Session, 1945.

In connection with the foregoing we call to your attention Opinion No. 0-6576 wherein it states as follows:

". . . Any increase of salary for the year 1945 must be in the proportion as the balance of the year relates to the total annual increase that may be made under said Act. In other words, if . . . . the increase in compensation is allowed as of June 1st, then the increase for 1945 would be 7/12ths. . . . The compensation for the months passed cannot be increased.

"In connection with the foregoing we direct your attention to Art. 689a-11, V. A. C. S., which is in part as follows:

"'When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. In all cases where such amendments to the original budget is made, a copy of the order of the Court amending the budget shall be filed with the Clerk of the County Court, and attached to the budget originally adopted.'"

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Ardell Williams
          Assistant

JR:MP:fb         By (s) John Reeves
APPROVED JUN 19, 1945
(s) Carlos Ashley
FIRST ASSISTANT
ATTORNEY GENERAL     APPROVED OPINION COMMITTEE
                     BY (S) BWB, CHAIRMAN